UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| THOMAS JACKSON MILLER )<br>     Plaintiff, )<br>)<br>V. )<br>)<br>THE SUNAPEE DIFFERENCE, LLC )<br>d/b/a MOUNT SUNAPEE RESORT, )<br>     Defendant )<br>) | Civil Action No. 1:16-CV-143-JL |

# COMBINED PROPOSED[1]

## DISCOVERY PLAN
## Fed. R. Civ P. 26(f)

**DATE/PLACE OF CONFERENCE:** July 25, 2016, at 11:00 a.m., U.S. District Court District of New Hampshire.

**COUNSEL PRESENT/REPRESENTING:**

  For Plaintiff:  Arend Tensen, Esq.
           Cullenberg & Tensen, PLLC
           199 Heater Road, Suite 2
           Lebanon, NH  03766
           (603) 448-7100
           (tensen@nhvt-injurylaw.com)

  For Defendant:  Thomas Quarles, Jr., Esq.
           Devine, Millimet & Branch, P.A.
           111 Amherst Street
           Manchester, NH 03101
           (603) 695-8641
           (tquarles@devinemillimet.com)

---

[1] Because of vacation schedules the attorneys were unable to confer by phone or in person to further resolve their respective positions as to this Discovery Plan.

## CASE SUMMARY

**THEORY OF LIABILITY:**

**Plaintiff:  Negligence:**  Mr. Miller was skiing at the Mount Sunapee Resort on February 15, 2015 when he struck an unmarked and not visible metal snowmaking pipe on a designated ski trail, the Beck Brook Trail, and sustained serious personal injuries as a result, including but not limited to a transverse, same-level mid shaft tibia/fibula fracture. A skier, regardless of experience, does not accept the possibility of coming into contact with a sub-surface pipe, in a designated ski trail, as an inherent risk of the sport of skiing. N.H. Rev. Stat. Ann. § 225-A:24 is clear that snow making equipment must be "plainly marked or visible" in order to constitute an inherent risk of skiing.  Defendant breached the duty(ies) owed to Mr. Miller by, *inter alia*, failing to: (1) maintain the Beck Brook Trail in a reasonably safe condition; (2) failing to warn of the presence of snowmaking equipment which was not plainly marked or visible in any manner whatsoever; (3) adhere to affirmatively represented duties to the public; and (4) failing to comply with N.H. Rev. Stat. § 225-A:23.  Through Defendant's actions, the risks inherent to the sport of skiing were substantially increased beyond that which is considered inherent in the sport through no fault of Mr. Miller.  Mr. Miller reserves the right to supplement and/or amend the theory of liability based on information developed through the course of discovery.

**THEORY OF DEFENSE:**

**Defendant:** The Plaintiff has no viable claim because he cannot prevail on his claims under the New Hampshire Ski Statue, his exclusive remedy.  Contrary to the Plaintiff's claims, a ski area operator has no duty to warn of, mark or pad snowmaking (or any other) equipment.

The Plaintiff was skiing off the trail at the time of the accident, skiing <u>between</u> snowmaking pipes laid on the ground above the Beck Brook Trail.  He struck the vertical posts for mounting a tower snowmaking gun.  Contrary to the Plaintiff's claims, the Defendant had finished snowmaking for the season at the time of the accident.  The tower guns had been removed, leaving their mounting posts extending up from the horizontal snowmaking pipes.  These posts are not removable.

The Plaintiff violated his duties under the ski statute to maintain control of his speed and course at all times and to refrain from acting in a manner which may cause or contribute to injury to himself.

**DAMAGES:**

**Plaintiff:** Serious bodily injuries.  Current medical expenses exceed $200,000 and continue to be incurred.  Mr. Miller has undergone three major surgeries and there is a potential for additional surgeries in the future.

Mr. Miller is not making a claim for lost wages at this time.

**DEMAND:**

**Plaintiff:** Plaintiff will make a demand prior to ADR.

**OFFER:**

**Defendant:** None

**JURISDICTIONAL QUESTIONS:**

None identified at this time.

**QUESTIONS OF LAW:**

See above legal theories.

**TYPE OF TRIAL:**

Jury

## DISCOVERY

**TRACK ASSIGNMENT:**

Standard – 12 months.

**DISCOVERY NEEDED:**

Discovery on issues of liability, injuries, and damages is anticipated, including on the issues of: the facts and circumstances relating to the accident; Plaintiff's alleged injuries and medical treatment; and the Plaintiff's alleged damages.

Any other discoverable matter.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1):**

**Plaintiff:** Plaintiff expects to serve Rule 26(a)(1) disclosures prior to July 25, 2016.

**Defendant:** August 26, 2016

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f))**

Electronic documents shall be produced to the requesting party as image files (e.g., PDF or TIFF).  When the image file is produced, the producing party must preserve the integrity of the electronic document's contents, i.e., the original formatting of the document, its metadata and, where applicable, its revision history.  After initial production in image file format is complete, a party must demonstrate particularized need for production of electronic documents in their native format.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f))**

Electronic documents that contain privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production.  All copies shall be returned or destroyed by the receiving party.  In all other circumstances, Rule 26(b)(5)(B) shall apply.

**COMPLETION OF DISCOVERY:**

    **Plaintiff:**    Requests April 17, 2017

    **Defendant:**  Requests May 31, 2017

**INTERROGATORIES:**

A maximum number of 25 interrogatories are to be propounded by each party to any other party.  Responses to interrogatories are due 30 days after service, unless otherwise agreed to pursuant to Fed.R.Civ.P.29.

Plaintiff has served Defendant with a first set of Interrogatories.

The Defendant has not received any Interrogatories to date.  Defendant requests February 1, 2017 as the deadline to propound Interrogatories.

**REQUESTS FOR ADMISSION:**

A maximum number of 25 requests for admission are to be served by each party to any other party.  Responses to requests for admission are due 30 days after service, unless otherwise agreed to pursuant to Fed.R.Civ.P.29.

    Requests by February 1, 2017

**DEPOSITIONS:**

A maximum number of 10 depositions by the Plaintiff, and 10 depositions by the Defendant. Each deposition will be limited to a maximum of 7 hours, unless extended by an agreement of the parties.

**Plaintiff:**   To be completed by April 17, 2017

**Defendant:**   To be completed by close of discovery, May 31, 2017

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

**Plaintiff**:   Requests Plaintiff's – January 16, 2017
Depositions of Plaintiff's experts by April 17, 2017

Defendant's – February 16, 2017
Depositions of Defendant's experts by April 17, 2017

**Defendant:**   Requests Plaintiff's – January 17, 2017
Depositions of Plaintiff's experts by May 31, 2017

Defendant's – March 17, 2017
Depositions of Defendant's experts by May 31, 2017

**Plaintiff:**   Supplementations under Fed. R. Civ. P. 26(e) are due 30 days prior to the close of discovery.

**Defendant:**   Plaintiff's Supplementation if any due by April 1, 2017, Defendant's Supplementation if any due by April 15, 2017.

**CHALLENGES TO EXPERT TESTIMONY**:

**Plaintiff:**   Requests May 17, 2017

**Defendant:**   By May 1, 2017

**OTHER ITEMS**

**DISCLOSURE OF CLAIMS AGAINST UNAMED PARTIES**

**Plaintiff:**   No date given

**Defendant:**   October1, 2016

{N0973570.1 }                5

**JOINDER OF ADDITIONAL PARTIES:**

> August 25, 2016

**THIRD-PARTY ACTIONS:**

> August 25, 2016

**AMENDMENT OF PLEADINGS:**

> August 25, 2016

**DISPOSITIVE MOTIONS:**

**TO DISMISS:**

> **Plaintiff:** Requests deadline for motion to dismiss of August 25, 2016
>
> **Defendant:** Requests deadline for motion to dismiss of November 18, 2016

**FOR SUMMARY JUDGMENT:**

> **Plaintiff:** Requests 90 days prior to actual trial date
>
> **Defendant:** Per the Court's 7/7/2016 Order by 120 days before trial, i.e. March 6, 2017

**SETTLEMENT POSSIBILITIES:**

> **Plaintiff:** May be enhanced by ADR: outside source.
>
> **Defendant:** Unlikely unless all dispositive motions and expert challenges are resolved in favor of the plaintiff

**JOINT STATEMENT RE SUITABILITY FOR MEDIATION:**

> **Plaintiff:** Requests that mediation/ADR be scheduled anytime

**Defendant:**   Not suitable until and if above issues are resolved

**WITNESSES AND EXHIBITS***:*

Due dates for witness and exhibit lists will be ten (10) days before final pretrial conference, but not less than 30 days before trial and 14 days after filing of final pretrial statements for objections.

**TRIAL ESTIMATE:**

  3-5 days

**TRIAL DATE:**

**Plaintiff:**   Requests that this matter be scheduled for trial in June 2017.

**Defendant:**   Requests that this matter be scheduled for trial in July 2017.

**OTHER MATTERS:**

None at this time.

**Dated:** July 18, 2016

**/S/ Arend R. Tensen**
**Arend R. Tensen, Esq.**
Attorney for Plaintiff


**/S/ Thomas Quarles, Jr.**
**Thomas Quarles, Jr., Esq.**
Attorney for Defendant