UNITED STATES DISTRICT COURT
THE DISTRICT OF NEW HAMPSHIRE

---------------------------------------------------------------------------- x
                                  :

THOMAS JACKSON MILLER,            :

                                  :   Docket No: 1:16-CV-00143-
                    Plaintiffs,      :   JL

                                  :

           -against-                   :

                                  :

THE SUNAPEE DIFFERENCE, LLC, d/b/a MOUNT    :
SUNAPEE RESORT                            :

                                  :

  Defendant.                            :

                                  :
---------------------------------------------------------------------------- x

**PLAINTIFF'S EMERGENCY MOTION TO SUPPLEMENT THE RECORD IN
OBJECTION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE
PLEADINGS AND FOR LEAVE TO CONDUCT IMMEDIATE DEPOSITIONS
PURSUANT TO L.R. 7.1(F) [REQUEST FOR EXPEDITED TREATMENT]**

      NOW COMES Plaintiff, by and through his counsel, Arend Tensen, Cullenberg

and Tensen PLLC, and respectfully moves by emergency motion, pursuant to L.R. 7.1(f),

to supplement the evidentiary record he provided to the Court in objection to Defendant's

Motion for Judgment on the Pleadings ("Motion for Judgment"), and for leave to conduct

the depositions of Jay Gamble, John DeVivo, and George Lemerise prior to the

submission and consideration by this Court of Defendant's Motion for Judgment and for

his reasons relies upon the following:

      1.     Plaintiff timely filed his Objection to Defendant's Motion for Judgment on

the Pleadings and exercised due diligence to obtain all relevant records and information

for submission as part of his Memorandum of Law in Support of His Objection to

Defendant's Motion for Judgment on the Pleadings ("Plaintiff's Memorandum"). Certain

documentation and information, however, was not received until after Plaintiff's

Memorandum had been filed.   The additional documentation and information are significant and directly relevant to the merits of Defendant's Motion for Judgment and Plaintiff's Objection to Defendant's Motion for Judgment on the Pleadings.

2.      Defendant filed its Motion for Judgment on January 12, 2017.  *See* Docket No. 11.  The Motion for Judgment seeks judgment as a matter of law based on the "liability release" on the back of the Mount Sunapee daily lift ticket (the "Liability Release").

3.      In support of its Motion for Judgment, Defendant attached the Affidavit of George Lemerise, the current Mountain Operations Manager of Cannon Mountain ski area and a full time, year-round employee of the State of New Hampshire.  *See* Aff. of George Lemerise, annexed to Motion for Judgment as Exh. 3, ¶¶5-7.  Exhibit A to the Aff. of George Lemerise is a color copy of the lift ticket liability release used at Cannon Mountain for the 2014-2015 ski season.  *Id.* at ¶6.

4.      Defendant asserts in the Motion for Judgment that the Liability Release on the back of Plaintiff's daily lift ticket "is consistent with similar liability releases that the State of New Hampshire used in the 2014-2015 ski season (and uses presently) in its operation of the State-owned and operated Cannon Mountain ski area."  *See* Motion for Judgment at p. 4, ¶9.  Defendant further asserts that "Cannon Mountain is part of the Franconia Notch State Park and is entirely owned and operated by the State of New Hampshire through the Department of Resources and Economic Development ["DRED"]."  *Id.*

5.      Defendant's position in the Motion for Judgment is that "[t]he State, itself, uses a <u>similar</u> pre-printed liability release on its daily lift tickets at Cannon Mountain in

the State-owned Franconia Notch State Park, and has since at least 2008." *See* Motion for Judgment at p. 15 (emphasis added).

6. Defendant further asserts in the Motion for Judgment that:

Both ski areas are on State-owned land, both are available for winter (and summer) recreational activities and both are open to the general public, whether residents of New Hampshire or elsewhere. <u>In the present matter, the best evidence of the public policy of the State of New Hampshire for activities on State-owned land are the practices and policies of the State of New Hampshire, which itself uses a liability release on its daily lift tickets.</u>

*Id.* (emphasis added).

7. On January 19, 2017, after receiving and reviewing the Motion for Judgment, Plaintiff made a Right-To-Know Request pursuant to RSA Chapter 91-A to DRED for any and all communications and/or documents concerning the affidavit of George Lemerise dated January 6, 2017, including but not limited to any and all communications with the Mount Sunapee Resort (its employees, agents, and/or attorneys). Plaintiff advised Defendant of this Right-To-Know Request by letter dated February 3, 2017. *See* Exhibit A.

8. Thereafter, Plaintiff filed his Objection to the Motion for Judgment on February 15, 2017. *See* Docket No. 15. In Plaintiff's Memorandum in support of the objection, Plaintiff asserts that the "Cannon Mountain lift ticket release does not release Cannon Mountain from liability for its own *negligence.*" *See* Plaintiff's Memorandum at p. 16. Plaintiff further asserts that the "'Cannon Mountain Ski Area Season Passholder Release of Liability Form' does not release Cannon Mountain from liability for negligence and, instead, expressly states that skiing is '[g]overned by the New Hampshire Skiing Statute RSA 225-A:24 [the "Ski Statute"]." *Id.*

9.     Plaintiff's position in objection to the Motion for Judgment is that "the State of New Hampshire does not limit access to Cannon Mountain to those who are willing to exculpate it from liability for negligence, indicating the State's recognition that the safety responsibilities imposed by the Ski Statute cannot be repealed by contract."  *Id.*

10.     Subsequent to filing his objection, on February 22, 2017 Plaintiff received a response from DRED to the Right-To-Know request (the "DRED Response").  *See* Exhibit B (bate stamped Right to Know 60-79).

11.     Significantly, the DRED Response includes a series of email communications between Jay Gamble ("Gamble"), the General Manager of Defendant, and John DeVivo ("DeVivo"), the General Manager of Cannon Mountain.  *See* Exh. B at Right to Know 60-79.  The DRED Response also includes emails between counsel for Defendant, Thomas Quarles and Brendan Mitchell, Gamble, DeVivo, William Mead, Ashley LaRue, and Torene Tango-Lowy.  *Id.*

12.     By email dated December 14, 2016 to Devivo and Messrs. Quarles and Mitchell, Gamble stated: "John and I spoke about the Cannon Mountain's Liability Releases at our SkiNH Board of Directors meeting last week…I shared your concern that Cannon's releases, as currently written, may not be upheld in NH courts due to some subtle language issues that need to be corrected."  *Id.* at Right to Know 61-62.  Counsel for Defendant confirmed, "[t]his is spot on."  *Id.* at Right to Know 63.

13.     By email dated December 23, 2016, Mr. Quarles sent an email to William Mead, copying George Lemerise ("Lemerise"), which stated: "I have the same issue for a case with Sunapee where the plaintiff claims that such a release violates NH and federal law as well as the lease terms between the state and Sunapee…[o]bviously the fact that

Cannon has been using lift ticket releases for x years blows up that argument." *Id.* at Right to Know 65.

14.     By email also dated December 23, 2016, after apparently reviewing the Cannon Mountain releases, counsel for Defendant wrote to George Lemerise, and others (including co-counsel Brendan Mitchell), and stated:

> I have looked over these releases generally.  The only ones that don't have
> an enforceability problem are the equipment rental releases, as those have
> to use the manufacturer's release language, which does clearly say
> "negligence".  The others all need work.

*Id.* at Right to Know 67.  Thus, a mere 20 days prior to Defendant filing the Motion for Judgment, it was Defendant's belief and understanding that the lift ticket release utilized by Cannon Mountain in the 2014-2015 ski season was *not enforceable* as to claims of *negligence* – directly contradicting Defendant's filings and representations to this Court. *Id.; cf.* Motion for Judgment, pp. 4, 20.

15.     The above-quoted email correspondence from the DRED Response is significant new information which should be considered by this Court and justifies the depositions of Gamble, DeVivo, and Lemerise because it is directly contrary to Defendant's Motion for Judgment which states, in pertinent part, that the Liability Release at issue in this action is enforceable against claims of negligence because it is "similar" to Cannon Mountain's lift ticket liability release.  *See* Motion for Judgment at p. 4, ¶9.

16.     Furthermore, the above-quoted email correspondence and admissions of Defendant, through Gamble, and Defendant's counsel, demonstrate that the "best evidence" of the public policy of the State of New Hampshire, as described by Defendant in the Motion for Judgment, is that the State-owned ski area Cannon Mountain does not,

and did not in the 2014-2015 ski season, require members of the public to exculpate Cannon Mountain for its <u>negligence</u> as a condition precedent to accessing state land for recreational use.

17.    This new information is particularly significant in light of the fact that it is Plaintiff's position that the Liability Release utilized by Mount Sunapee in the 2014-2015 ski season is limited to the "inherent risks" of skiing.  While Plaintiff disagrees that the Cannon Mountain liability release should have any bearing on the Liability Release utilized by Mount Sunapee, Plaintiff's position is consistent and <u>would</u> be <u>similar</u> to the liability release used by Cannon Mountain in the 2014-2015 ski season, as demonstrated by Defendant's above-quoted admissions.

18.    Moreover, there are emails in the DRED Response indicating that the New Hampshire Office of the Attorney General ("NH AG") drafted the Cannon Mountain liability release.  *See* DRED Response at Right to Know 68, 71, 72.  The fact that the Cannon Mountain lift ticket liability release was drafted by the NH AG, and not drafted to release claims of negligence, further supports Plaintiff's objection to the Motion for Judgment in that it would be against the public policy of the State of New Hampshire to condition access to recreational land on an agreement by members of the public to exculpate the operator for negligence.

19.    Plaintiff also respectfully requests that he be permitted to take the depositions of Gamble, DeVivo, and Lemerise.  The depositions are necessary and directly relevant to Plaintiff's Objection to Defendant's Motion for Judgment to determine: (1) the substance and extent of discussions and communications between Gamble and DeVivo concerning the use and enforceability of lift ticket liability releases

at Mount Sunapee and Cannon Mountain; (2) the non-privileged discussions and communications between Gamble, DeVivo, and counsel for Defendant concerning the use and enforceability of lift ticket liability releases at Mount Sunapee and Cannon Mountain; and (3) the understanding of George Lemerise concerning the use and enforceability of lift ticket liability releases at Mount Sunapee and Cannon Mountain at the time he executed his affidavit on January 6, 2017.

20.     Plaintiff respectfully requests that the DRED Response be considered by the Court in connection with his Objection to Defendant's Motion for Judgment, Docket No. 15.

21.     Defendant's Reply to Plaintiff's Objection is currently due on March 13, 2017 and pursuant to L.R. 7.1(e)(3) a surreply memorandum shall not be permitted without prior leave of court.  Accordingly, this motion is being filed as an emergency motion and expedited consideration of the Motion is requested.

22.     The undersigned counsel returned from vacation on February 28, 2017 and brought the DRED Response to the attention of counsel for Defendant on that same day by email correspondence respectfully requesting that the Defendant withdraw all arguments regarding the Cannon Mountain release.  Counsel for Defendant declined to withdraw the arguments necessitating the filing of this motion.

WHEREFORE, Plaintiff respectfully requests that this Court:

A.  Grant this Emergency Motion to Supplement the Record; and

B.  Consider the annexed Exhibit B in connection with Docket No. 15, Plaintiff's Objection to Defendant's Motion for Judgment on the Pleadings; and

C.  Enter an Order granting Plaintiff the right to take the deposition of Jay Gamble, John DeVivo, and George Lemerise prior to submission and consideration of Defendant's Motion for Judgment; and

D.  Grant such other and further relief as the Court deems necessary.

Respectfully Submitted,

CULLENBERG & TENSEN, PLLC

s/       Arend R. Tensen
Arend R. Tensen
Attorneys for Plaintiff
Thomas Jackson Miller
199 Heater Road, Suite 2
Lebanon, New Hampshire 03766-1440
Phone: (603) 448-7100
Fax: (603) 448-9559
tensen@nhvt-injurylaw.com

Dated: March 1, 2017

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon counsel for Defendant via Electronic Service ECF.

CULLENBERG & TENSEN, PLLC

s/       Arend R. Tensen
Arend R. Tensen
Attorneys for Plaintiff
Thomas Jackson Miller
199 Heater Road, Suite 2
Lebanon, New Hampshire 03766-1440
Phone: (603) 448-7100
Fax: (603) 448-9559
tensen@nhvt-injurylaw.com

Dated: March 1, 2017