UNITED STATES DISTRICT COURT
THE DISTRICT OF NEW HAMPSHIRE

------------------------------------------------------------------------------- x
:
   THOMAS JACKSON MILLER,                :
:   Civil Action No. 1:16-cv-
                             Plaintiffs,    :   143-JL
:
             -against-                 :
:
   THE SUNAPEE DIFFERENCE, LLC, d/b/a MOUNT    :
   SUNAPEE RESORT                    :
:
    Defendant.                     :
:
:
------------------------------------------------------------------------------- x

**PLAINTIFF'S MEMORANDUM OF LAW IN SURREPLY TO DEFENDANT'S REPLY**
**MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

**CULLENBERG & TENSEN, PLLC**
Arend R. Tensen
199 Heater Road, Suite 2
Lebanon, New Hampshire 03766-1440
T: (603) 448-7100
E: tensen@nhvt-injurylaw.com

*Attorneys for Plaintiff*
*Thomas Jackson Miller*

Plaintiff Thomas Jackson Miller ("Plaintiff") respectfully submits this Memorandum of Law in Surreply to Defendant's Reply Memorandum in Support of Motion for Judgment on the Pleadings to only address the legal and factual issues raised by the Defendant for the first time in its Reply Memorandum in Support of Motion for Judgment on the Pleadings ("Defendant's Reply").

1. **Ski Area Operators in New Hampshire Have A Statutory Duty To Plainly Mark Or Make Visible Snowmaking Equipment**

Defendant, unconvincingly, tries to avoid the Supreme Court of New Hampshire's decision in *Rayeski v. Gunstock Area/Gunstock Area Comm'n,* 146 N.H. 495, 776 A.2d 1265 (2001). *Rayeski* is clear – ski area operators in New Hampshire have a statutorily imposed safety responsibility to plainly mark or make visible snowmaking equipment. *Id.* at 498. The *Rayeski* decision relies on the legislature's "explicit reference" to "plainly marked or visible snowmaking equipment" – *Rayeski* does not rely, or even cite, the "or otherwise" or "in progress" language in the current, or prior, version of RSA 225-A:23. *Id.* The Supreme Court of New Hampshire, as the final arbiter of the intent of the legislature, has precisely held that "plainly marked or visible" in RSA 225-A:24 is a "statutory safety responsibility." Defendant's reading of RSA 225-A:23 and RSA 225-A:24, which is not up for interpretation in light of *Rayeski*, would lead to an absurd result. *N.C. v. New Hampshire Bd. of Psychologists*, 169 N.H. 361, 365, 148 A.3d 728, 732 (2016) ("[w]e construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result").

2. **Plaintiff's Accident Was On The Designated Ski Trail**

Defendant, in its reply papers, argues for the first time in support of its Motion for Judgment on the Pleadings ("Motion for Judgment") that Plaintiff was in violation of RSA 225-A:24, V, g, and, thus, Defendant is exculpated from any duty pursuant to RSA 225-A:25, V. *See* Defendant's

Reply, p. 3 at fn. 4; p. 9 at fn. 10.  Defendant has not introduced any admissible evidence that Plaintiff's accident was outside the open and designated ski trail.  Moreover, Plaintiff has located two (2) conflicting Mount Sunapee "Winter Incident Report Form's."  The Winter Incident Report Form produced by Defendant states that the location of the accident was "OFF TRAIL."  *See* Exh. A-1.  This, however, is directly contradicted by the "contemporaneous" Winter Incident Report Form, enclosed with the Newport Ambulance Records from the date of the accident and not produced or preserved by Defendant, which indicates "ON TRAIL."  *See* Exh. A-2.  That Defendant believed at the time of the accident that the accident was "on trail" is also indicated by the contemporaneous Mount Sunapee "Patient Injury Report."  *See* Exh. A-3 (both copies indicating "on trail").  At the least, there is a disputed issue of fact that should be submitted to the jury.

### 3. The Affidavit of Jay Gamble Supports Plaintiff's Argument That Exculpatory Language As To Negligence Is Unenforceable As Against Public Policy

On reply, Defendant submits the Affidavit of Jay Gamble ("Gamble Affidavit") to establish, in part, that the State of New Hampshire (the "State") used liability release language on its lift tickets.  *See* Defendant's Reply, p. 11, Exh. 2.  The lift ticket release language utilized by the State in operating the Mount Sunapee ski area in the 1990's is consistent with the State's operation of Cannon mountain in that the State did not require users to release claims of negligence as a condition precedent to accessing the Mount Sunapee State Park for recreational use.  Thus, the lift tickets attached to the Gamble Affidavit, similar to the Cannon mountain lift tickets (which Defendant has admitted do not release claims of negligence), support Plaintiff's argument in objection to Defendant's Motion for Judgment that a release as to claims of negligence in the maintenance of Mount Sunapee State Park would violate public policy and is unenforceable.

**4.   The Question of Whether A Meeting Of The Minds Occurred Is A Factual Question To Be Determined By The Trier Of Fact**

Without a single citation to any case law, Defendant asserts that Plaintiff's affirmative act in removing the peel-off backing and proceeding to use the lift ticket is a 'meeting of the minds' on the purported terms of the liability release on the back of the lift ticket.  Defendant overlooks that "subjective expectations are insufficient to create an implied contract" and "the question of whether a meeting of the minds occurred is a factual question to be determined by the trier of fact." *Durgin v. Pillsbury Lake Water Dist.*, 153 N.H. 818, 821, 903 A.2d 1003, 1006 (2006).

The New Hampshire Superior Court's decision in *Donna M. Reynolds v. Cranmore Mountain Resort*, Docket No. 00-C-0035 (March 20, 2001) is directly on point.  *See* Exhibit A-4. In *Reynolds*, a skier purchased a lift ticket with an adhesive backing which had to be peeled off in order to affix the ticket.  *Id.* at 1.  The lift ticket in *Reynolds* contained nearly identical language to the Mount Sunapee peel-off backing emphasized and quoted in Defendant's Reply.  Cranmore Mountain Resort, similar to Defendant in this case, argued that the affirmative act of peeling off the back and proceeding to use the ticket indicated agreement to the release language.  The Court disagreed, holding as follows:

> The Court rules that a genuine issue of material fact exists as to whether the "STOP" sign provision on the peel-off portion of the ticket, and the release on the opposite side, were sufficiently conspicuous to conclude that a reasonable person in Plaintiff's position would have known of the exculpatory language.  The Court cannot make this determination as a matter of law.  This case is distinguished from the cases relied upon by Cranmore in that Plaintiff was not required to sign a release form.  A signature has inherently legal consequence to put on notice those who sign, even when the signatory fails to read the text.  In contrast, the Court cannot find such consequence inherent in the peeling off of an adhesive sticker.  At least, the Court will not rule so as a matter of law.
>
> …
>
> Under the circumstances, the conspicuousness of the release is a question of fact which should be determined by the jury.  The related question of whether "a

reasonable person in [Plaintiff's] position would have known of the exculpatory provision" is also a question to be determined by the jury.

*Id.* at 7-8.  Similar to *Reynolds,* the removing of the peel-off backing of the ticket does not establish that there was a meeting of the minds.  To the contrary, whether a meeting of the minds occurred is a question to be determined by the trier of fact.

**5.  <u>Conclusion</u>**

For the reasons set forth in Plaintiff's Objection to Defendant's Motion for Judgment on the Pleadings and above, Plaintiff respectfully requests that the Court deny Defendant's Motion for Judgment.

Dated: March 20, 2017                    CULLENBERG & TENSEN, PLLC

                                         s/ Arend R. Tensen
                                         Arend R. Tensen
                                         Attorneys for Plaintiff
                                         Thomas Jackson Miller
                                         199 Heater Road, Suite 2
                                         Lebanon, New Hampshire 03766-1440
                                         Phone: (603) 448-7100
                                         Fax: (603) 448-9559
                                         tensen@nhvt-injurylaw.com