UNITED STATES DISTRICT COURT
THE DISTRICT OF NEW HAMPSHIRE

------------------------------------------------------------------------------- x
                                                                                :
THOMAS JACKSON MILLER,                                                          :
                                                                                :   Civil Action No. 1:16-cv-
                                            Plaintiffs,                         :   143-JL
                                                                                :
          -against-                                                             :
                                                                                :
THE SUNAPEE DIFFERENCE, LLC, d/b/a MOUNT                                        :
SUNAPEE RESORT                                                                  :
                                                                                :
   Defendant.                                                                   :
                                                                                :
                                                                                :
------------------------------------------------------------------------------- x

## PLAINTIFF'S MOTION FOR CLARIFICATION
## OF THE COURT'S OCTOBER 3, 2017 ORDER

## REQUEST FOR EXPEDITED TREATMENT PURSUANT TO RULE 7.1(f)

1.  Plaintiff Thomas Jackson Miller ("Plaintiff"), by and through his attorneys Cullenberg & Tensen, PLLC, respectfully requests clarification of this Court's October 3, 2017 Telephone Conference and the resulting Minute Entry for proceedings held before Chief Judge Joseph N. Laplante on October 3, 2017 (the "Order").

2.  The Order states, in relevant part, as follows: "Counsel shall jointly file a Proposed Discovery and Motion Schedule on [or] before October 11, 2017."

3.  The Court and the parties are familiar with the procedural history and the current posture of this case and Plaintiff will not, in detail, review the full extent of such history for the purposes of this motion.  In sum, Defendant, The Sunapee Difference, LLC d/b/a Mount Sunapee Resort ("Defendant") filed a Motion for Judgment on the Pleadings on January 12, 2017 (Doc. No. 12).  Since the filing of the original Motion for Judgment, Plaintiff has filed an Amended Complaint pursuant to the Order of this Court dated March 21, 2017 and the parties have submitted

extensive briefing on the Defendant's Motion for Judgment on the Pleadings.  Oral argument on Defendant's Motion for Judgment was held on August 16, 2017.

4. On September 28, 2017, the Court filed a Notice of Hearing for October 3, 2017 which was held on that date by the Court and the parties by teleconference ("October 3 Hearing").

5. During the October 3 Hearing, the Court advised the parties that it was inclined to grant Defendant's Motion for Judgment on the Pleadings.  However, the Court did not believe that the factual record was developed enough to grant Defendant's Motion for Judgment on the Pleadings.  Specifically, the Court advised that the factual record required further development on the issues concerning the lift ticket and that the Defendant's should be permitted to take the deposition of Plaintiff on this limited issue.

6. It was Plaintiff's counsels' understanding following the October 3 Hearing that the Court would issue an Order denying Defendant's Motion for Judgment on the Pleadings and directing specific further discovery.

7. The Order provides that counsel shall jointly file a proposed discovery and motion schedule no later than October 11, 2017.  The Order does not deny Defendant's pending motion, nor does the Order provide guidance to the parties on how, and on the specific issues, any limited discovery should be focused or conducted.

8. While the Court did direct during the October 3 Hearing that the factual record needed further development on the issue of the lift ticket in order to grant Defendant's motion, Plaintiff is at a loss as to how to proceed.  As Plaintiff currently stands, the Court has made clear in no uncertain terms that it intends to grant Defendant's motion while, at the same time, directing Plaintiff's deposition to further develop the factual record.

9. Plaintiff has submitted an Affidavit dated May 1, 2017 stating that he purchased a lift ticket on February 15, 2015 and that he did not read any of the purported language on the back or the front of the lift ticker prior to, or subsequent to, the purchase of the lift ticket nor was he instructed to read any of the purported language on the back or the front of the lift ticket (Doc. No. 38-3). In response, Defendant has not even attempted to dispute any statement in the Affidavit.

10. Defendant has failed to submit any admissible evidence that Defendant understood the "Liability Release" on the back of the lift ticket to mean what Defendant's counsel in this action have set forth.

11. The Affidavit of Jay Gamble (Doc No. 23-2) ("Gamble Affidavit"), the Vice-President and General Manager of Defendant, does not provide any evidence that there was any "meeting of the minds" to the terms of the lift ticket that Plaintiff purchased on February 15, 2015. The Gamble Affidavit merely recites the quoted language of historical ski tickets at Mount Sunapee Resort.

12. Between Plaintiff not reading, and not being instructed to read the lift ticket in any manner whatsoever and Defendant failing to put forth any evidence of a "meeting of the minds," it is unclear to Plaintiff what further discovery is being directed to further develop the factual record.

13. If the Court is directing further limited discovery (i.e., the deposition of Plaintiff) on the issue of the "meeting of the minds," Plaintiff is similarly entitled to the deposition of Defendant, on issues raised by the pending Motion for Judgment on the Pleadings as was requested by Plaintiff at the October 3 Hearing.

14. For the foregoing reasons, Plaintiff respectfully requests that this Court clarify the Order and the comments at the October 3 Hearing including, but not limited to: (1) whether

Defendant's Motion for Judgment on the Pleadings is being denied based on an issue of fact and, if so, what that issue of fact is that is subject to further discovery; and (2) the scope of any further briefing and/or motions being requested by the Court.

15. By email dated October 6, 2017, the undersigned conferred with counsel for Defendant in a good faith attempt to obtain concurrence in the relief sought; Defendant has not sent an email response. Counsel for both parties have tried to reach each other by phone without success.

16. Plaintiff respectfully submits that he has shown good cause to request expedited consideration of the instant motion as the October 3, 2017 Order directs the parties to submit a Discovery and Motion Schedule on or before October 11, 2017. Plaintiff's counsel is unavailable the remainder of this week as well as the week of the 23rd.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant this Motion for Clarification of the Court's October 3, 2017 Order;

B. Stay the parties joint filing of a Discovery and Motion Schedule on or before October 11, 2017 pending clarification of the Court's October 3, 2017 Order; and

C. Grant such other and further relief as the Court deems necessary.

Dated: October 10, 2017         CULLENBERG & TENSEN, PLLC

s/ Arend R. Tensen
Arend R. Tensen
Attorneys for Plaintiff
199 Heater Road, Suite 2
Lebanon, New Hampshire 03766-1440
Phone: (603) 448-7100
tensen@nhvt-injurylaw.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was served upon counsel for Defendant via Electronic Service ECF.

            CULLENBERG & TENSEN, PLLC

            s/     Arend R. Tensen
            Arend R. Tensen
            Attorneys for Plaintiff
            Thomas Jackson Miller
            199 Heater Road, Suite 2
            Lebanon, New Hampshire 03766-1440
            Phone: (603) 448-7100
            Fax: (603) 448-9559
            tensen@nhvt-injurylaw.com

Dated: October 10, 2017