UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| THOMAS JACKSON MILLER, | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. 1:16-cv-143-JL |
| v. | ) | |
| | ) | |
| THE SUNAPEE DIFFERENCE, LLC | ) | |
| d/b/a MOUNT SUNAPEE RESORT, | ) | |
| Defendant | ) | |

**DEFENDANT'S PROPOSED DISCOVERY AND
MOTION SCHEDULE AND REQUEST FOR FURTHER TELEPHONIC HEARING**

Defendant, The Sunapee Difference, LLC d/b/a Mount Sunapee Resort ("Mount Sunapee"), by and through its attorneys, Devine, Millimet & Branch, P.A., respectfully submits its proposed discovery and motion schedule in accord with the Court's Minute Entry from the October 3, 2017 telephonic hearing.

1.      Mount Sunapee is submitting its proposal by itself, as opposed to jointly, as the parties were unable to connect by telephone at the end of last week.  This week, plaintiff's counsel indicated he is unavailable for the entire week.  Mount Sunapee also submits its proposal alone due to plaintiff's Motion for Clarification of the Court's October 3, 2017 Order ("Motion for Clarification") filed yesterday, October 10, 2017, in which he reiterates his admission that he purchased a lift ticket at Mount Sunapee on February 15, 2015, and requests clarification on "how, and on the specific issues, any limited discovery should be focused or conducted."  *See* Motion for Clarification, p. 2, para. 7 (Doc. No. 47).

2.      Following the October 3, 2017 telephonic hearing, counsel discussed potential dates for plaintiff's deposition (estimated to last about one hour) on the limited issue of his

history with Sunapee season passes and lift tickets, including the lift ticket he purchased on the date of the accident.  Both counsel had available dates during the weeks of October 30, 2017 and November 6, 2017.  Counsel estimated that those dates would give Mount Sunapee ample time to obtain the transcript of the August 16, 2017 dispositive motion hearing where plaintiff's counsel made certain statements and concessions about his client's lift ticket on the date of the accident.

3.      Mount Sunapee has now been advised by the court reporter that the transcript will be ready on October 24, 2017.  Counsel further discussed the possibility of taking plaintiff's deposition by video or live in New Hampshire, but did not come to a decision.  Mount Sunapee's counsel thereafter understood that the parties would speak on or about October 6, 2017 to finalize an appropriate schedule in advance of October 11, 2017.  However, on October 6, 2017, plaintiff forwarded proposed assented to motions for clarification of the Court's Order concerning the October 3, 2017 telephonic conference, and for certification of certain questions to the New Hampshire Supreme Court.  Counsel for defendant called plaintiff's counsel twice on October 6, 2017 after receiving the proposed motions, but did not reach him.  Plaintiff's counsel did telephone on October 10, 2017, but counsel did not connect.  Mount Sunapee understands that plaintiff's counsel is unavailable for the remainder of this week and was unable to reach him by telephone today.

4.      In light of plaintiff's new motion concerning the recent telephonic hearing and Court directives, and his express reliance on his admission "that he purchased a lift ticket on February 15, 2015," Mount Sunapee submits that additional discovery may not be needed to dismiss plaintiff's Amended Complaint.  Therefore, the defendant, in light of that and plaintiff's request for clarification, requests a telephonic hearing to occur next week so as to discuss the

further need of discovery and the scope of that potential discovery.[1]   Defendant's counsel are available for such a hearing on October 18, 19 or 20, 2017 at any time during business hours.

       5.      For discussions at this further telephonic conference (or to the extent the Court does not schedule such a conference), Mount Sunapee proposes the following schedule:

    a. The defendant will conduct a limited deposition of plaintiff during the weeks of October 30 or November 6, 2017 concerning his purchase and use of the lift ticket on February 15, 2015, and his prior experience with Liability Releases at Mount Sunapee and other ski areas;

    b. The parties conduct other depositions (if any) that they agree are necessary in light of plaintiff's testimony by November 30, 2017; and

    c. The defendant shall file a renewed dispositive motion by December 15, 2017.

WHEREFORE, Mount Sunapee respectfully requests that the Court:

    A. Schedule a further telephonic hearing during the week of October 16, 2017; and/or

    B. Enter Mount Sunapee's proposed discovery and briefing schedule as an Order of the Court; and

    C. Grant such other relief as may be equitable and just.

---

[1] Pursuant to plaintiff's Motion for Clarification and comments made during the October 3, 2017 telephonic hearing, plaintiff's counsel is unavailable for the remainder of this week and during the week of October 23, 2017.

Respectfully submitted,

THE SUNAPEE DIFFERENCE, LLC d/b/a
MOUNT SUNAPEE RESORT
By Their Attorneys,
DEVINE, MILLIMET & BRANCH, P.A.


Dated: October 11, 2017          By:____/s/ Brendan P. Mitchell_____
                                 Thomas Quarles, Jr., Esq. (NH Bar #2077)
                                 tquarles@devinemillimet.com
                                 Brendan P. Mitchell, Esq. (NH Bar #19652)
                                 bmitchell@devinemillimet.com
                                 111 Amherst Street
                                 Manchester, NH  03101
                                 (603) 669-1000


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been forwarded this date via the Court's ECF system to Arend R. Tensen, Esq., opposing counsel.

Dated:  October 11, 2017                    ____/s/ Brendan P. Mitchell_____
                                            Brendan P. Mitchell, Esq.


\\MHT-WORLDOX\MHT$\WDOX\DOCS\CLIENTS\022014\105717\M3662682.DOCX